IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COMITY COMMMUNICATIONS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY, LP, a Delaware Limited Partnership,<br><br>Defendant. | Case No. 4:12-cv-01082 |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   George R.A. Doumar, counsel for Plaintiff, and Marc Goldman, counsel for Defendant, met and conferred via telephone on August 1, 2012, beginning at 12:10 pm, EST.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   This is a collection action that Comity maintains is pursuant to state and federal tariffs and maintains is for charges associated with access to local telephone lines. Sprint maintains that Comity is attempting to collect charges that it is not entitled to under its tariffs and that Comity could not lawfully collect regardless.

4. **Specify the allegation of federal jurisdiction.**

   Diversity – Both Plaintiff and Defendant are business entities existing under the laws of other states.

5. **Name the parties who disagree and the reasons.**

   None.

1

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff and defendant are aware of no additional parties at this time. New parties shall be added no later than October 15, 2012.

7. **List anticipated interventions.**

   Plaintiff and Defendant do not anticipate any interventions.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Neither Plaintiff nor Defendant have made the initial disclosures required by Rule 26(a). The parties have agreed to make initial disclosures by September 14, 2012.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       The Parties intend to exchange initial disclosures by September 14, 2012, and will discuss all additional matters raised in Rule 26(f) in this Joint Report and Discovery/Case Management Plan, or by further agreement, as necessary.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

       Plaintiff anticipates sending interrogatories to Defendant in the next sixty (60) days.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

       Defendant anticipates sending interrogatories to Plaintiff in the next sixty (60) days.

    D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

       Plaintiff anticipates taking the deposition(s) of one or more representatives of Defendant and any fact witnesses by April 15, 2013.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition(s) of one or more representatives of Plaintiff and any fact witnesses by April 15, 2013.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide the reports required by Rule 26(a)(2)(B) within one month after the end of fact discovery (proposed for April 15, 2013), which under the proposed schedule will be May 15, 2013. Defendant will designate experts and provide the reports required by Rule 26(a)(2)(B) within two months of the end of fact discovery, which under the proposed schedule will be June 15, 2013..

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff intends to depose all of Defendant's experts by July 15, 2013.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant intends to depose all of Plaintiff's experts by July 15, 2013.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

No disagreement between the parties exists at this time on the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties entered into a non-disclosure agreement on May 9, 2012 and Plaintiff has produced a contract to Defendant under that agreement.

13. **State the date the planned discovery can reasonably be completed.**

The parties believe that all non-expert discovery can reasonably be completed by April 15, 2013 and that expert discovery can be completed by July 15, 2013.

14. **State the cutoff date for motions.**

    All motions shall be filed by August 1, 2013.

15. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Plaintiff and Defendant are engaged in settlement talks and both believe that a prompt resolution of this case is a possibility.

16. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have exchanged settlement offers and continue to work towards settlement.

17. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    At some point, it is possible that mediation may be appropriate; the parties will inform the court if there comes a time when they believe that point has been reached

18. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to a trial before a judge's magistrate.

19. **State whether a jury demand has been made and if it was made on time.**

    Neither party has requested a jury.

20. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff estimates it will take approximately fifteen (15) hours to present evidence in its case. Defendant anticipates it will take approximately (15) hours to present evidence in its case.

21. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Pro hac vice motions are currently pending,

22. **List other motions pending.**

    None.

4

23. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    The parties may request a Protective Order in this case.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    Cathy Herrington Hale
    FBN: 23194
    SBN: 24003237
    The Herrington Law Firm, P.C.
    405 Main Street, Suite 600
    Houston, Texas 77002
    Telephone (713) 227-0050
    Facsimile (713) 227-0039
    cherrington@herringtonlawfirm.com

    George R. A. Doumar (*pro hac vice* pending)
    Virginia Bar No. 26490
    Doumar Martin, PLLC
    2000 N. 14th St., Suite 201
    Arlington, Virginia 22201
    Telephone (703) 243-3737
    gdoumar@doumarmartin.com
    *Attorneys for Plaintiff, Comity Communications, LLC*

    Scott Matney
    FBN: 23671
    SBN: 24010747
    700 Louisiana Street, Suite 4200
    Houston, Texas 77002
    Telephone (713) 229-5700
    Facsimile (713.229.5750
    smatney@hunton.com
    *Attorneys for Defendant, Spring Communications Company, LP*

Counsel for Plaintiff: _____ Date: 8.2.12
Cathy Herrington Hale
State Bar No. 24003237

Counsel for Defendant: Scott Matney by permission Date: 8.2.12
Scott Matney
State Bar No. 24010747    SBN 24003237